---

### In re TITUS et al.

### In re HATCH'S WILL.

(Supreme Court, Appellate Division, First Department. December 30, 1915.)

1. MORTGAGES ⬅⇒209—TRUST DEEDS—CONSTRUCTION—LANGUAGE OF INSTRUMENT.

　　Where heirs to an estate gave their trust deeds to secure bonds, granting "all their right, title, and interest ＊ ＊ ＊ in the estate," and thereafter the executor retained a large amount of stocks and bonds of the estate for distribution in kind, an order of the surrogate that an amount of such stocks be paid in discharge of the indebtedness evidenced by the trust deeds, equal in face value to the indebtedness, was erroneous; the trustees being entitled to all of the interest of their grantors.

　　[Ed. Note.—For other cases, see Mortgages, Cent. Dig. §§ 466–468; Dec. Dig. ⬅⇒209.]

2. APPEAL AND ERROR ⬅⇒266—FAILURE TO EXCEPT—EFFECT.

　　In an appeal from a decree of the Surrogate's Court, where the only question raised was as to the legal effect of the referee's findings, failure to except to the findings could not defeat the appeal.

　　[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 1552–1565, 1568–1571; Dec. Dig. ⬅⇒266.]

Appeal from Surrogate's Court, New York County.

Proceeding to settle the account of Edward H. Titus and others as executors of Edward P. Hatch, deceased. From a decree (86 Misc.

Rep. 375, 148 N. Y. Supp. 359) of the Surrogate's Court, awarding distribution, the Real Estate Title Insurance & Trust Company of Philadelphia and others appeal. Reversed and remitted, with directions.

Argued before INGRAHAM, P. J., and LAUGHLIN, CLARKE, SCOTT, and SMITH, JJ.

George S. Mittendorf, of New York City, for appellants.

Frederick T. Kelsey, of New York City (Arthur Butler Graham, of New York City, on the brief), for respondents F. W. Kelsey Nursery Co. and Livingston Hatch.

Henry G. Gray, of New York City, for respondent Boyd Hatch.

George B. Glover, of New York City, for respondent Smith.

Otto C. Wierum, Jr., of New York City, for respondent executors.

Louis Weinberger, of New York City, for respondent Butler.

William Osgood Morgan, of New York City, for respondent Hendrickson.

SCOTT, J. This is an appeal from a decree settling the accounts of the executors of the last will and testament of Edward P. Hatch, deceased, and raises but a single question relative to the distribution of the estate directed by said decree. Four of the legatees under said will executed identical or similar mortgages or deeds of trust upon their respective interests in the estate for the purpose of securing payment of bonds to be issued thereunder. In each of these instruments the Real Estate Title Insurance & Trust Company of Philadelphia is a trustee, having as cotrustees in two instances one Herbert P. Queal, and in two others one H. T. Stoddart. These trustees are the appellants. Each of these trust deeds recites the indebtedness of the grantor in a specified amount, for which bonds are to be issued, and the form of the bonds is recited in the deed. To secure said bonds the grantor "for the better securing the payment of the said sum of money mentioned in the said bonds or obligations with interest thereon according to the terms thereof" and in consideration of one dollar sells, transfers, assigns, and sets over to the trustees named in the deed, called therein the bond trustees, and to their successors, etc., "all his right, title, and interest, whether as legatee, devisee, next of kin, heir at law, or distributee in the estate of Edward P. Hatch, deceased, being one-seventieth (in two cases one-forty-second) undivided interest therein, * * * to have and to hold the said interest in said estate and the real and personal property comprising, the same * * * unto the bond trustees, their successors, etc., absolutely and forever, in trust, nevertheless, to collect and receive the said undivided one-seventieth interest of the party of the first part in the estate of Edward P. Hatch, deceased, and to apply the proceeds of said undivided one-seventieth interest in said estate in liquidation and payment" of the bonds recited in said trust deed, returning the overplus, if any, after the payments provided for in the deed of the grantor or his legal representatives.

When the account was presented to the Surrogate's Court, and objections filed, the whole matter was referred to a referee, who made

a careful and detailed report, no finding of fact of which has been excepted to or is now called in question. He found the amount due under each of the above-mentioned deeds of trust, and as to these findings there is no complaint. He also found that a very large proportion of the estate consisted of stock in various corporations, which had been retained unsold by the executors, for distribution in kind, and this he found to be a reasonable exercise of their best judgment in the matter, because none of those stocks could have been sold without loss to the estate and the persons interested therein. Legatees entitled to receive a considerable part of the estate united in a request to the executors to retain these securities for distribution in kind at a valuation, but none of these appellants joined in this request. An appraiser appointed by the surrogate made an estimate and appraisal of the value of the aforesaid stocks as of a date shortly prior to the entering of the decree. No question is made as to the accuracy of this appraisal.

[1] The surrogate, in awarding distribution of the estate and acting under the authority conferred by section 2744 of the Code of Civil Procedure as it read on August 5, 1914, the date of the decree, directed the aforesaid stocks to be distributed and paid over in kind at the valuations fixed by the said appraiser. In respect to the appellants, having ascertained the amounts due under the respective deeds of trust and bonds secured thereby, he directed that that sum be paid to them mainly in the stock belonging to the estate, in kind, at the valuation fixed by the appraiser as aforesaid. In other words, the decree provided for the payment to each set of bond trustees of a certain amount of cash and the delivery of certain securities which at their appraised value, as ascertained by the surrogate, together with said cash, would have equaled the amount due in bonds outstanding and interest to the date of the decree in full satisfaction of the claims of said trustees against the estate. It is against this provision of the decree that this appeal is directed.

We think that the objection to the decree in this particular is well founded. What was assigned to the bond trustees in each case was all of the grantor's "right, title, and interest, whether as legatee, devisee, next of kin, heir at law, or distributee in the estate of Edward P. Hatch, deceased." This was in the nature of a pledge of the grantor's entire interest in the estate, and a conveyance of it to the trustees. This interest was so pledged and conveyed as security for the payment of definite and ascertainable sums of money. The grantor had not obligated himself to his creditors, represented by the trustees, to pay them an aliquot proportion of whatever he might receive out of the estate. He had promised to pay definite sums in money, and as security for this payment he had conveyed all of his interest in the estate. It seems to us to be entirely clear that the bond trustees, upon the distribution of the estate, when for the first time the grantor's interest therein could be segregated, were entitled to have delivered to them, for administration under the trust deed, that which the grantor, in each instance, had conveyed to them, to wit, his interest in the estate, for it is well settled that a pledgee is entitled to possession of

property pledged until the debt for which the pledge was given has been paid or satisfied. Simpson v. Jersey City Contracting Co., 165 N. Y. at page 196, 58 N. E. 896, 55 L. R. A. 796; Warner v. Fourth National Bank, 115 N. Y. 251, 22 N. E. 172. If the Surrogate's Court, in the discretion vested in it by the Code, had determined that the grantor's share or interest in the estate shall be paid, in kind, in securities at an ascertained value, it had the power to give a direction to that effect; but that share, however it is made up, should be paid over to the pledgee and grantee of the whole interest, to be by it administered according to the terms of the deed of trust, which will include a conservation of the rights of subsequent and subordinate lienors and grantees. Naturally if the estate were to be distributed in cash, as is usually done, the bond trustees could raise no reasonable objection, if they were paid in money and the pledge thus redeemed; but we can see no justification for awarding to them anything, less than the whole interest conveyed to them, unless the pledge be so redeemed by payment of the debt for which it is intended as security.

[2] That the appellants took no exception to any of the findings of the referee is of no importance. They accept those findings. The only question they raise is as to the legal effect of the findings. We are not disposed to question the exercise of the discretion of the Surrogate's Court on the matter of costs. If the whole interests pledged are turned over to the trustees, their fair allowance for defending the integrity of the property pledged to them can be passed upon when they account for their proceedings under the trust deeds.

The decree, in so far as appealed from, must be reversed, and the proceeding remitted to the Surrogate's Court, for the entry of a decree in accordance with the view herein expressed, with one bill of costs and disbursements in this court to the appellants, to be paid proportionately out of the funds affected by the appeal. All concur.