In the Matter of the Will of H. KENNETH FILOR, Deceased. RALPH F. ALLISON et al., as Executors of H. KENNETH FILOR, Deceased, Appellants; ESTHER FILOR, Respondent.

Second Department, December 29, 1943.

*Herbert C. Smyth, Jr.* (*George Natanson* with him on the brief), for appellants.

*John E. Mack* for respondent.

HAGARTY, J. Testator died on the 4th day of November, 1939, leaving a will made on the 27th day of October, 1939, which has been admitted to probate. The sixth paragraph of the will reads: " Sixth: To my wife, Esther Filor, who abandoned me without cause, I leave nothing. In the event that for any reason she should prevail in an election to take against this my Will, then so much of my estate as shall equal what she would be entitled to upon such election shall be put in trust with the trustees hereinafter named, the income therefrom to be paid to her for life and the principal to be distributed upon her death to the persons named as beneficiaries of my residuary estate."

The respondent, testator's widow, served upon the executors a notice of election to take against the will (Decedent Estate Law, § 18, subd. 7) and, in the proceeding that followed, instituted by the executors, the learned Surrogate, after a hearing, made the first decree, which upholds respondent's right of

election and determines that she did not abandon the testator. The proof does not warrant a different conclusion.

In the second decree it is adjudged that the widow, by reason of the exercise of her right of election, is entitled to take an intestate share, concededly one half of the net estate of approximately $79,000. This is in accordance with the provisions of subdivision 1 of section 18 of the Decedent Estate Law, affording a personal right of election to the surviving spouse to take his or her share as in intestacy. The statute further provides, however, that this right is " subject to the limitations, conditions and exceptions contained in this section," of which those contained in paragraphs (b) to (f) of subdivision 1 must be considered in determining the proper share of this widow. These paragraphs evidence and carry out the intent of the Legislature to give to the surviving spouse a minimum of the income for life from a corpus equivalent to an intestate share, less $2,500 which she may take absolutely, where testator has provided for her, albeit less than this minimum as to corpus or cash. If provision for her equals or exceeds the minimum, no right of election to take an intestate share exists. (par. [d].) If there be insufficient provision as to amount of principal or of cash, as measured by this minimum, the surviving spouse is afforded a limited right to elect to take the difference absolutely. (par. [b], [c], [e] and [f].)

In practical effect, so far as concerns this proceeding, the widow is entitled to take an intestate share, unless testator provided for her in his will. We do not agree with the contention of the executors that he did so provide for her. Had he provided, for example, a trust fund, the principal of which was equal to her intestate share, she could take only under the will, with a further, but limited, right of election to the cash minimum. Instead, to take at all, she was compelled to elect to take against the will, as in intestacy. This was so because testator flatly provided that " To my wife * * * I leave nothing." There is no dispositive provision for her. The testator undertook to set up his own distributive scheme, to be operative in the event that she prevailed in an election to take against the will. His method is in conflict with the statute defining a widow's intestate share (Decedent Estate Law, § 83) and, therefore, it cannot be effectuated.

Both decrees, insofar as appealed from, should be affirmed, with one bill of costs to respondent and one bill of costs to appellants, payable out of the estate.

ADEL, J. (dissenting in part). I concur for affirmance of the decree dated June 9, 1942, upholding the widow's right of election and determining that she did not abandon the testator. I dissent from affirmance of the decree dated November 4, 1942, and vote to reverse the same, believing that the right of election operates only to the extent of the trust provided by paragraph " Sixth " of the will. The will makes an alternate provision for the widow, which was to become operative in the event of a successful election by her. In my opinion a testator has the right to make alternate provisions in his will, their effect to depend upon alternate determinations of questions of law and fact made after his death.

CLOSE, P. J., CARSWELL and TAYLOR, JJ., concur with HAGARTY, J.; ADEL, J., dissents in part with memorandum.

Decrees of the Rockland County Surrogate's Court, insofar as appealed from, affirmed, with one bill of costs to respondent and one bill of costs to appellants, payable out of the estate. [See *post*, p. 905.]