Vaughan, J.
The questions involved upon these appeals relate (1) to the right of petitioner widow to elect to take an intestate share against the will of her deceased husband; (2) to the taxation of costs, and (3) to the refusal to grant petitioner an allowance as counsel fees. The executors and the special guardian For testator’s son appeal from that part of the decree of the Niagara County Surrogate which determines that the petitioner is entitled to elect to take an intestate’s share and also from the taxation of costs. The petitioner in turn appeals from that part of the decree of said Surrogate which denies her application for an allowance for counsel fees and also from the taxation of costs in an amount less than that claimed in the bill of costs.
*273 The proceeding is one under section 145-a of the Surrogate’s Court Act to determine the validity of an attempted election by petitioner to take an intestate share against the provisions of her husband’s will under section 18 of the Decedent Estate Law. The testator died on the 8th day of April, 1948, leaving a last will and testament dated July 9, 1945, which has been admitted to probate.
The provisions of the will pertinent to this discussion are found in the tenth paragraph thereof and read as follows:
‘1 Tenth: On or about May 15, 1929, I made and entered into an agreement with my beloved wife May C. Richmond wherein and whereby I agreed to transfer, assign, set over and deliver to her all of my shares of the capital stock of General Abrasive Company, Inc., a domestic corporation having its principal office in the City of Niagara Falls, County of Niagara and State of New York, and in consideration thereof my said wife agreed to relinquish all dower and other statutory interests which she had in my property, or which she might have in my estate in the event of my death and consented that upon my death all of my property should be disposed of in the manner provided in my Last Will And Testament. The aforesaid agreement has never been reduced to writing; however, by the 14th day of August, 1935, I had completed and fully performed said agreement on my part and personally assigned, set over, transferred and delivered to my said wife May C. Richmond, five thousand (5000) shares of the then capital stock, of said General Abrasive Company, Inc., said transfer being completed in three separate transactions, and the same ever since have been and still are her sole and absolute property.
“ In the event my said wife shall disaffirm the aforesaid agreement and shall endeavor to exercise a right of election to take some part of my estate, and in the event it shall be finally determined that my said wife may exercise such right of election, I give, devise and bequeath to my trustee hereinafter named the exact proportion of my net estate, and no more, not exceeding in any event one-third (%) thereof, to which my said wife may be determined to be entitled, in trust, nevertheless, for the following uses and purposes:
“1. To pay the income thereof to my wife May C. Richmond for and during the term of her life, annually or oftener, at such times as the said trustee shall determine.
“ Upon the death of my said wife to pay the corpus of said trust to my son, Gerald A. Richmond, providing that at time he shall have attained the age of thirty-five (35) years.”
*274 Section 18 of the Decedent Estate Law, insofar as pertinent, provides:
“ 1. Where a testator dies after August thirty-first, nineteen hundred and thirty, and leaves a will thereafter executed and leaves surviving a husband or wife, a personal right of election is given to the surviving spouse to take his or her share of the estate as in intestacy, subject to the limitations, conditions and exceptions contained in this section. * * *
“ (e) Where the will contains an absolute legacy or devise, whether general or specific, to the surviving spouse in an amount less than the sum of twenty-five hundred dollars and also a provision for a trust for his or her benefit for life of a principal equal to or more than the excess between said legacy or devise and his or her intestate share, the surviving spouse shall have the limited right to elect to take not more than the sum of twenty-five hundred dollars inclusive of the amount of such legacy or devise, and the difference between such legacy or devise and the sum of twenty-five hundred dollars shall be deducted from the principal of such trust fund and the terms of the will shall otherwise remain effective.”
Petitioner urges that the decision in Matter of Filor (267 App. Div. 269, affd. 293 N. Y. 699) is controlling upon the question of petitioner’s right of election. Testator’s will in that case provided: “ Sixth: To my wife, Esther Filor, who abandoned me without cause, I leave nothing. In the event that for any reason she should prevail in an election to take against this my Will, then so much of my estate as shall equal what she would be entitled to upon such election shall be put in trust with the trustees hereinafter named, the income therefrom to be paid to her for life and the principal to be distributed upon her death to the persons named as beneficiaries of my residuary estate.” (P. 270.)
The court, in construing that section, said: “ In practical effect, so far as concerns this proceeding, the widow is entitled to take an intestate share, unless testator provided for her in his will. We do not agree with the contention of the executors that he did so provide for her. Had he provided, for example, a trust fund, the principal of which was equal to her intestate share, she could take only under the will, with a further, but limited, right of election to the cash minimum. Instead, to take all, she was compelled to elect to take against tbe will, as in intestacy. This was so because testator flatly provided that ‘ To my Avifc * * * I leave nothing.’ There is no disposi *275 tive provision for her. The testator undertook to set up his own distributive scheme, to be operative in the event that she prevailed in an election to take gainst the will. His method is in conflict with the statute defining a widow’s intestate share (Decedent Estate Law, § 83) and, therefore, it cannot be effectuated.” (P. 271.)
The executors and special guardian on the other hand urge that petitioner’s right of election should be determined by the decision in Matter of Williamson (N. Y. L. J., Jan. 23, 1942, p. 347, col. 6). In that case it appears that the testator made provision for his wife under clause sixth of his will and also an alternative provision under a codicil which provided “ * * * if my wife, Elsie Hodis Williamson shall elect or attempt to elect, to take any part of my estate against the provisions of my said will, then and upon the happening of such event * * * ” a trust of an amount equivalent to the wife’s intestate share was to be established for her benefit. Surrogate Foley, in holding that the provision made for testator’s wife under clause sixth was inadequate but that the alternate provision contained in the codicil was effective, said: “ I hold that by reason of the exercise by the widow of her right of election under section 18 of the Decedent Estate Law, the provisions for her benefit contained in clause sixth of the will are null and void and of no effect. The alternative provisions for her benefit contained in the codicil to the will and which were to become operative in the event of an election by her are effective. The widow therefore has no interest in the estate except as provided for in the second clause of the will and in the codicil thereto.”
It will be observed that the distinction, although slight, between the two wills (Filor and Williamson) is that under the Williamson will the wife was entitled to take her intestate share in trust if she elected or even attempted to elect to take against the provisions of the will. She was not compelled to go into court and try out and obtain the determination of the court as to her right to elect as required in the Filor case (supra). The distinction, however, does not, in our opinion, suggest the application of a different rule from that laid down in the Filor case which we deem controlling.
In the matter under consideration, the provision made for petitioner in testator’s will was “ not an absolute legacy ” but was contingent upon a final determination “ that my said wife may exercise such right of election ”,
*276 Notwithstanding that petitioner has prevailed in an election to take as in intestacy, the executors and special guardian urge that the provisions made for her in paragraph tenth of said will are adequate within the terms of section 18 of the Decedent Estate Law. To adopt such contention, it would follow that the results of petitioner’s election would be taken from her and what she would be entitled to under section 18 of the Decedent Estate Law, would be put in trust for her life. We feel that the testator cannot limit such right to participation in a life estate.
It remains to consider the question of costs and counsel fees. In Matter of Curley (161 Misc. 391) Surrogate Wingate held that a proceeding under section 145-a of the Surrogate’s Court Act was not a proceeding to construe a will within the meaning of section 278 of said act and therefore no statutory justification exists for an allowance of counsel fees under that section.
In a proceeding such as this, the Surrogate, under section 278 of the Surrogate’s Court Act, may, in his discretion, fix such a sum as he deems reasonable to be allowed as costs. Such allowance includes a sum not to exceed $25 for each day, less one, necessarily occupied in the trial or hearing or in preparing therefor. The petitioner herein presented a bill of costs covering some seventy-nine days claimed to have been spent in preparation and trial of said proceeding. Taxation of costs as set forth in the bill of costs was vigorously opposed by the executors and special guardian with the result that the Surrogate allowed only forty-two days for preparation and trial of said proceeding and fixed the costs on that basis. The executors and special guardian,, while conceding that the allowance of costs is within the discretion of the Surrogate, claim that in this instance the Surrogate was without discretion to fix costs in any amount without first requiring proper proof that the time spent in preparing for the contest was incurred and that there was not sufficient proof to establish that petitioner’s attorneys actually spent forty-two days in preparation for the trial of said proceeding. The petitioner, on the other hand, contends that the time set forth in counsel’s affidavit and bill of costs was actually consumed in the preparation and trial of the proceeding and that the action of the Surrogate in allowing only forty-two days’ time was arbitrary and capricious and without justification.
We are of the opinion that the allowance of costs as taxed is amply justified by the record.
*277 The decree of the Surrogate upholding the right of the petitioner to elect against the will as in intestacy, refusing to grant counsel fees and in taxing costs at an amount less than that set forth in petitioner’s bill of costs should be affirmed, without costs of this appeal to any party.
All concur. Present — Taylor, P. J., McCurn, Love, Vaughan and Piper, JJ.
Decree affirmed, without costs of this appeal to any party.
[See post, p. 1053.]