Fuld, J.
Irving Skupack died in October of 1953, survived by his wife, a son and a daughter. His will, admitted to probate a month later, contained an absolute legacy of $2,500 to his wife and gave the residue of his estate to a trustee (also named as executor) “to be divided into three equal parts ”. One part was placed in trust for the benefit of his wife for life; upon her death, it was provided, the trust was to terminate and the principal was to be divided between the other trusts. The other two parts were placed in separate trusts for the benefit of the two children, each was to receive the income until his majority, and at that time the trusts were to end and each child was to receive the principal outright. The property left by the testator consisted primarily of six corporations which he wholly owned, two engaged in manufacturing, the other four in the real estate business, their gross assets totaling about $750,000.
We must decide two questions: first, whether the widow is entitled, under section 18 of the Decedent Estate Law, to elect to take her intestate share of the estate and, second, whether the executor-trustee may exercise plenary managerial control over the property held by the real estate corporations. We answer both in the negative, and, since we agree with the Appellate Division’s treatment and disposition of the second question, relating to the executor-trustee’s control (see, also, dissenting opinion, pp. 498-499), we discuss only the first, the wife’s right of election under the statute.
So far as it is pertinent, section 18 grants to a surviving spouse the right to elect to take his or her share of the estate as in intestacy, subject to the following limitation and condition:
“(d) Where the will contains an absolute legacy or devise, whether general or specific, to the surviving spouse, of or In the excess of the sum of twenty-five hundred dollars and also a provision for a trust for his or her benefit for life of a principal equal to or more than the excess between said legacy or devise and his or her intestate share, no right of election whatever shall exist in the surviving spouse.”
It is the widow’s claim that she has a right of election because the trust in her favor is “ inadequate ” and “ illusory.” Her reasoning, briefly stated, is this. As a minority holder in closed *487 corporations, she will be at the mercy of the holders of the majority of the stock for the declaration of dividends and for their amount. Her children, who will acquire the remaining stock -upon attaining their majority, the boy in 1957, the girl in 1961, will be able to elect the directors who will decide whether to distribute or retain the corporate profits; and thus they, or any strangers to whom they might sell, will control the amount of her income. The Appellate Division, agreeing with the widow, reversed the decree of the surrogate and held that she was entitled u to elect to take against the will as in intestacy ”.
That decision rests upon an unwarranted expansion of section 18 and the legislative purpose underlying its enactment. We have more than once declared that the statute’s purpose is to assure to a surviving husband or wife the right to claim his or her full intestate share, in spite of any will, ‘ ‘ unless the instrument should provide substantial equivalents. A testamentary gift of an equal sum * * * or a gift in trust of such a sum for the use of the surviving spouse for life ” constitutes such an equivalent. (Matter of Wittner, 301 N. Y. 461, 465; Matter of Byrnes, 260 N. Y. 465, 470, 474, reargument denied 261 N. Y. 623.)
Contrary to respondent’s argument, the statute was not, and rationally could not have been, designed to guarantee any particular income or any particular standard of living to the surviving wife. The widow must accept her share of what her husband owned. If he died possessed of nothing, the widow, of course, would receive nothing. Similarly, if the husband died possessed of unproductive, unsaleable real estate, throwing off little, if any, income, the widow could not complain when she received one third of it outright or a legacy of $2,500 plus the one third in trust. Her financial position may turn out to be disadvantageous, and cause for regret, but, unfortunately for her, section 18 was not intended to assure her more than one third of what her husband possessed when he died.
By bequeathing to respondent the sum of $2,500 outright and also a life interest in a trust of one third of the residue of the estate, the testator provided her with the requisite equivalent for her intestate share and fully complied with the demands of the statute. The possibility which she fears, that her income may be impaired by hostile majority owners, results from the character of the property left by her husband rather than from *488 any attempt to deprive her of her lawful share in the estate. It would have been far better for respondent if her husband had owned shares in General Motors, United States Steel or some other large publicly held corporation. But, the fact is, he owned only shares in such enterprises as Ilarjan Realty Corporation and American Hinge Corporation of Brooklyn. All that the testator owned, all he had to dispose of, was the stock in these personally held corporations.
While there is a danger that the widow will not receive an income from her trust proportionate to that received by her husband during his life, that consequence flows from the character of his property rather than from any failure on his part to comply with the provisions of law enacted for the benefit of the surviving spouse. If she were to take her intestate share, that is, a third of the stock outright, she would still have only a minority interest in each of these small corporations and the income would still be dependent upon decisions of directors selected by the majority stockholders. In such a case, she would, it is true, possess the right to sell her one-third share, but this right is seriously impaired, if not effectively destroyed, by the practical difficulty attendant upon obtaining a fair-price buyer for a minority interest in a closely held corporation such as we have here.
We agree that the right to elect against the will is not barred where the trust, although in form complying with section 18, is, in fact, illusory or not the substantial equivalent of the intestate share. But, as the case before us illustrates, “ illusory ” has not the same meaning as “possibly unproductive of real income.” The decisions in which a testamentary trust to the surviving spouse has been branded as ‘ ‘ illusory ’ ’ have either involved a duration shorter than the life of such spouse (Matter of Byrnes, supra, 260 N. Y. 465) or a corpus subject to invasion and reduction of amount. (Matter of Wittner, supra, 301 N. Y. 461; Matter of Matthews, 255 App. Div. 80, affd. 279 N. Y. 732; Matter of Schrauth, 249 App. Div. 846.)
This is not to say, though, that a testator, who dies possessed of both income producing and non-income producing property, may so divide his estate as to bequeath to his wife only the unproductive portion. When we are confronted with such a case, we shall deal with it. Nor does our deci *489 sion mean, or even remotely suggest, that the widow would lack a remedy if the designated trustee were to prove faithless to the trust or were so to conduct and manage its affairs as to prejudice or discriminate against her interests. (See, e.g., Matter of Hubbell, 302 N. Y. 246.) All we are now holding is that, where a testator has left to his spouse one third of all of his property, fairly and equitably divided, either outright or in trust in accordance with the provisions of the Decedent Estate Law, the fear or possibility of misconduct on the part of the trustee or of the corporate directors, managing the property, does not give rise to a right of election under section 18.
The order of the Appellate Division should he modified, with costs to all parties appearing separately and filing separate briefs, payable out of the estate, and the case remitted to the Surrogate’s Court for proceedings not inconsistent with this opinion.