Joseph A. Cox, S.
The testator and the respondent in this proceeding purportedly were married in a church ceremony on March 7, 1953. That was the respondent’s fourth marital venture. "Her first two marriages are said to have been dissolved by divorces and the third by the death of the husband. That the relationship between the testator and the respondent did not remain the happiest appears from the fact that' a separation action was pending in the New York Supreme Court at the date of the testator’s will, August 1, 1957, and this action remained undetermined at his death on June 16, 1958. His will challenges the respondent’s right to elect against that instrument pursuant to section 18 of the Decedent Estate Law but provides that, if it be determined that she has a right of election, she be given the life income of a trust in a principal amount equivalent to her share of the estate as in intestacy. The executors under the will, who also are the residuary legatees, instituted this proceeding to obtain a determination that the respondent was not validly married to the testator and is not entitled to exercise the rights granted to a widow by section 18 of the Decedent Estate Law and section 200 of the Surrogate’s Court Act. The respondent answered and asked that it be found that she is the widow and is entitled to statutory benefits as widow. The fact issues presented by these pleadings were set for hearing but three weeks prior to the hearing date the respondent moved for summary judgment and upon the return of the motion time was allowed for the exchange of affidavits and memoranda of law. Consequently the date for hearing *888 the proceeding proper "was adjourned sine die to await the disposition of the motion.
The marital status of the respondent is attacked upon the ground that she did not procure a valid divorce from her first husband and, since he was living at the date of her purported marriage to the testator, the respondent lacked the legal capacity to contract a valid marriage with the testator. The divorce in question was obtained in the State of Georgia upon the allegations that the respondent was a resident of that jurisdiction and the husband Avas not. The husband Avas served Avith process by publication and he did not appear in the action. The executors assert that the respondent, as plaintiff in the divorce action, did not comply with the jurisdictional requirements as to domicile in Georgia.
The respondent’s motion for summary judgment is premised upon her contentions that the Georgia divorce decree is not subject to collateral attack, that the petitioners as strangers to the divorce action are not in a position to challenge the divorce decree and that proceedings had in the New York separation action prevent the raising of identical issues in this proceeding. The first two of these contentions are met by Cook v. Cook (342 U. S. 126) wherein, in reliance upon Williams v. State of North Carolina (325 U. S. 226) and in reaffirmance of the rule there stated, it was held that a third party may attack a judgment of divorce and reopen the issue of domicile if the circumstances were that the spouse against whom the divorce decree had been obtained had neither appeared nor been served with process in the rendering State. The rule of Johnson v. Muelberger (340 U. S. 581) precluding attack by a stranger is limited to the situation where the parties to the divorce action either appeared therein or were served personally with process and does not preclude collateral attack Avhere jurisdiction of the defendant depended wholly upon constructive service of process (Matter of Bourne, 2 A D 2d 896; cf. Phillips v. Phillips, 15 Misc 2d 884).
It is conceded that in the New York separation action the testator, as defendant, Avithdrew his counterclaim for annulment and that he died prior to any judicial disposition of that action. These undisputed facts do not indicate that there existed in connection with that action either any determination which would be res judicata or any admission or concession that Avould create an estoppel.
The respondent relies in part upon Matter of Dugro (261 App. Div. 236, affd. 287 N. Y. 595) but that decision is without present-pertinence. The presumption applied in the Dugro case, as to the validity of a later ceremonial marriage, was controlling in *889 the absence of any stated basis for challenging the capacity of the parties to the ceremony and because of lack of proof invalidating the later marriage. The court there said that the burden is upon a person who asserts the illegality of a marriage to prove such illegality. Here the issue is recognized by both sides of the controversy as involving the capacity of the respondent to remarry because of the questioned validity of her first divorce and proof in that regard is said to be available.
The respondent’s motion for summary judgment is denied. Upon the record before it the court is not in a position to grant summary judgment to any party. While it has been represented to the court that fact issues do not require a hearing, the opposing affidavits are replete with refutations of fact statements, arguments are founded upon exhibits, at least one of which is challenged as to authenticity, and points are premised upon extracts from oral testimony, which may or may not be construed in context. Upon an issue of this type the court would be reluctant to make a final determination on motion papers much less controversial than those submitted and there is no reason the court should be constrained to do so when a prompt hearing can be held at which a complete record can be made with the opportunity for direct examination and cross-examination of witnesses. It is unfortunate that a motion made under a rule of practice designed to expedite the disposition of litigation, in this instance has only postponed a full exposition of the issues at an open hearing. A hearing date again will be fixed for the purpose of receiving proof upon the question of respondent’s domicile at the time of the Georgia divorce.
The motion also raises a question of construction of article Second of the will which must be regarded as academic until the respondent’s status as alleged spouse has been determined. However, in view of the fact that the necessary parties are before the court and the construction issue has been briefed, a decision will be rendered at this time. The second article of the will, referred to earlier in this opinion, was placed in the will for the purpose of defeating the exercise of a right of election. The provision parallels that considered in Matter of Filor (267 App. Div. 269, affd. 293 N. Y. 699) and, as in the cited case, this testator by compelling the spouse to elect to take against the will and to prove her status as spouse employed a method which is in conflict with section 18 of the Decedent Estate Law. Accordingly, in the event it shall be determined that the respondent is the surviving spouse of the testator, the attempted contingent testamentary provision for her will not operate to deprive her of a full elective share pursuant to the statute *890 (Matter of Filor, supra; Matter of Richmond, 276 App. Div. 271). Whether that elective right has been exercised in compliance with the statute will be determined when, and if, occasion for such a holding shall arise. Proof in this connection may be submitted at the hearing which will be held upon the issue of domicile. Submit order on notice.