Joseph A. Cox, S.
This court heretofore construed a portion of the testator’s will (25 Misc 2d 886) and, by an order dated August 3,1960, held that “ Paragraph Second of the decedent’s Last Will and Testament be and the same hereby is construed as compelling said respondent [testator’s widow] to elect to take against said will and to prove her status as spouse.” The executors, individually and in their fiduciary capacities, *1076 appealed from such order, except to the extent that it denied summary judgment in favor of the respondent, and from each and every part of the order “ to the extent appealed from.” The respondent appealed from the same order, except to the extent that it denied the petitioners’ cross motion for summary judgment ‘ ‘ and that further part of the Order which sustained respondent’s contention with respect to the construction of Paragraph ‘ Second ’ of the Last Will and Testament of the decedent as being in conflict with Section 18 of the Decedent Estate Law and that the attempted contingency provision for said Respondent will not operate to deprive her of her full elective share pursuant to that statute, and from each and every part of said Order to the extent appealed from ” (emphasis added).
The basis for the court’s holding that the will provision did not deprive the widow of a full elective share, in the event her election was properly exercised, was that the will imposed a condition upon the benefit conferred to her under the will and such condition was that she assert and establish a right of election. This holding was appealed from by the executors and the issue was clearly raised by their notice of appeal. If that issue was before the Appellate Division, its affirmance upon such issue is conclusive (12 A D 2d 307).. If it can be said, for any reason, that the construction issue was not before the appellate court, then the determination of this court is conclusive as having been accepted by the parties and not having been argued before the appellate court.
In its prior decision, made upon the motions for summary judgment, this court construed paragraph Second of the testator’s will because of the fact that the construction question had been briefed by the parties but at that time it was stated that the court considered the construction issue as academic and wholly dependent upon determinations which required the presentation of proof at a hearing. The issues reserved for hearing in the order of August 3, 1960 were the status of the respondent as surviving spouse of the testator and whether she had complied with the requirements of section 18 of the Decedent Estate Law in exercising her elective right as surviving spouse.
Upon appeal, that part of the order of this court which directed a hearing upon the issue as to compliance with section 18 of the Decedent Estate Law was modified and it was held that the respondent had failed to meet the statutory requirements and was barred of her right of election (12 A D 2d 307). The determinations of this court in other respects were affirmed and, in conformity with the order of this court as affirmed, a *1077 hearing was had at which the status of the respondent as the widow of the testator was established (N. Y. L. J., Dec. 14,1961, p. 12, col. 5). As widow, the respondent is entitled to exempt property under section 200 of the Surrogate’s Court Act.
Now, upon the settlement of a decree terminating this proceeding, the respondent’s attorney seeks an allowance, pursuant to section 278 of the Surrogate’s Court Act, for services rendered upon the construction question. In support of this application the attorney relies, in part, upon an affidavit of legal services which had been submitted to the court at the time of the settlement of the order disposing of the motions for summary judgment. The attorney now submits a supplemental affidavit asking additional compensation for legal services rendered in connection with the appeal. At the time of the settlement of the order upon the motions this court declined to grant an allowance because of the academic character of the construction question. Particularly in view of the determination of the Appellate Division, this court declines to grant an allowance now. While this court did dispose of the construction issue and, in doing so, was under the impression that it was serving the convenience of the parties, it then was recognized that the issue might he academic and this has proved to be the fact. The estate has not benefited from this attorney’s services upon the construction of the will and, because of her failure to duly serve and file a notice of election, neither has the respondent. Under these circumstances no equitable basis exists for awarding the respondent’s attorney compensation for his fruitless efforts in connection with the construction question. Costs have been taxed and a decree has been signed.