Harry G. Herman, S.
In its prior decision, this court determined that a direction against the apportionment of income provided for by former section 204 of the Surrogate’s Court Act did not render the will vulnerable to a notice of election (see Matter of Schlinger, 48 Misc 2d 345).
There remains for determination the question as to whether a provision for payment of $2,500 outright to the surviving spouse of testator, together with a trust for her benefit in an amount equal to the “ excess between the aforesaid legacy of $2,500.00 and her intestate share in my estate ” is referable to the term “intestate share” as employed in section 18 of the Decedent Estate Law, or, whether as contended by the petitioner as surviving spouse, the phrase, “ intestate share,” is referable to section 83 of the Decedent Estate Law, and testator intended to bequeath to petitioner the income from a trust of the entire net estate after deducting the sum of $2,500 payable outright to the petitioner.
The decedent died on July 4,1964, survived by no descendants or parents. Petitioner contends that the decedent, having died subsequent to the amendment to section 83 of the Decedent Estate Law effective March 1,1964 (L. 1963, eh. 712), pursuant to subdivision 4 of said section, the trust was intended to consist of the entire net estate after deducting the sum of $2,500 payable outright to petitioner.
An examination of the entire will discloses that the term “ intestate share ” as employed in the will, is referable to section 18 (subd. 1, par. [a]) of the Decedent Estate Law, which provides that the phrase “ intestate share ” as employed in said section, shall in no event be construed to mean more than one half of *440 the net estate. By earlier provisions of the will, pecuniary legacies aggregating $16,000, were bequeathed to others. Article “ eighth (a) ” of the will provides for an outright bequest to the surviving spouse in the sum of $2,500, if her intestate share shall not exceed said sum, and obviously was drafted against the background of paragraph (c) of subdivision 1 of section 18 of the Decedent Estate Law, which provides, in substance, that where the intestate share of a surviving spouse does not exceed $2,500, the spouse shall have the right to take such intestate share absolutely. Paragraph (d) of subdivision 1 of said section provides that no right of ele'ction shall exist where the will contains an absolute devise of $2,500 or more and provision is made for a trust for life equal to or more than the excess between such amount and the intestate share. Obviously, article “ eighth (b) ” of the will was drafted against the background of paragraph (d) of subdivision 1 of section 18 of the Decedent Estate Law. By subdivision “(b)” of article “eighth ” of the will, the testator expressly provided that, if the intestate share should exceed the sum of $2,500, the sum of $2,500 was bequeathed to petitioner, and provided further for a trust in an amount equal to the excess between the sum of $2,500 and the intestate share, the income of which was to be payable to the widow of testator during her lifetime.
The will is wholly devoid of any intention, express or implied, that the phrase “ intestate share ” is referable to section 83 of the Decedent Estate Law. The use of a so-called formula clause as employed in article “eighth (b) ” of the will, even in the absence of an express reference to section 18, evidences an intention to limit the testamentary benefits to the surviving spouse to an amount not exceeding one half of the net estate. The phrase “ intestate share ” is a word of art and fixes the upper limit upon the share of a spouse under section 18, and must be distinguished from the phrase “ share in intestacy ” which is a phrase of general description relating to participation in an intestate estate (Matter of Goldsmith, 160 Misc. 370). Moreover, the provision for pecuniary bequests of $16,000 to others is wholly inconsistent with an intention to bequeath to the widow of testator, in addition to the bequest of $2,500, absolutely, a trust consisting of the entire net estate after deducting the sum of $2,500.
The will, accordingly, is construed as providing for a bequest of $2,500 absolutely to the widow of testator, with the income from a trust during her lifetime of an amount equal to the difference between said sum and one half of the net estate.