■ In the Matter of the Estate of HARRY BENIN, Deceased. BLANCHE BENIN, Appellant; ANN KNAPP et al., as Executors and Trustees of HARRY BENIN, Deceased, et al., Respondents.— In a proceeding to construe and determine the validity and effect of certain provisions of the testator's will, and to validate her notice of election to take against the will, petitioner appeals from a decree of the Surrogate's Court, Kings County, dated August 6, 1968, which adjudged that the will gave her the portion specified in section 18 of the Decedent Estate Law (now EPTL 5-1.1, subd. [a]), that this gift was not conditional and that the notice of election was a nullity. Decree affirmed, with $10 costs and disbursements to all parties filing separate briefs, payable out of the estate. The will contained clear indications that petitioner's share of the estate was to be fixed by reference to former section 18 of the Decedent Estate Law (now EPTL 5-1.1, subd. [a]) (cf. *Matter of Schlinger*, 48 Misc 2d 438). This gift did not compel petitioner to elect against the will (cf. *Matter of Filor*, 267 App. Div. 269, affd. 293 N. Y. 699; *Matter of Collins*, 13 N Y 2d 194, 198, 199). Nor may the clause which provided that "this devise shall be in lieu of any and all rights of dower, or any other rights, which my said wife may have against my estate" be read to limit any rights which petitioner may have as a creditor of the estate (*Matter of Galewitz*, 3 Misc 2d 197, affd. 3 A D 2d 736, affd. 5 N Y 2d 725; *Matter of Tisnower*, 16 N Y 2d 906). The language of the will providing for an outright payment to her is broad enough to cover payment of any debts which may be owed. Beldock, P. J., Christ, Benjamin, Munder and Martuscello, JJ., concur.

■ In the Matter of DEYCO REALTY CORP., Appellant, v. TAX COMMISSION OF THE CITY OF NEW YORK, Respondent.— In this proceeding to review the assessed valuation of petitioner's real property, petitioner appeals from an order of the Supreme Court, Kings County, entered December 4, 1967, which dismissed the petition. Order reversed, on the law, and new trial granted, with costs to appellant to abide the event. The findings of fact below were not considered on this appeal. It is not clear from the record whether the learned court below based his determination upon the value of the property on the tax status date or added subsequent improvements to that value. Accordingly, we find it necessary to remand the proceeding for further proof and clarification (*Matter of Woolworth Co.* v. *Tax Comm. of City of N. Y.*, 20 N Y 2d 561). Beldock, P. J., Rabin, Benjamin, Munder and Martuscello, JJ., concur.