OPINION OF THE COURT
Lawrence E. Kahn, S.
In this proceeding, petitioner has filed an intermediate accounting to which the respondent has objected. Prior to this, the respondent filed her right of election as decedent’s surviving spouse. The present objection relates to the determination *733 of the dollar value of her elective share. Petitioner valued certain shares of stock owned by decedent in Sunset Recreation, Inc., a closely held corporation, and respondent contends that a higher valuation should be affixed to such shares.
Petitioner, pursuant to SCPA 2216, has moved this court to compel respondent to accept a distribution in kind of a specified number of shares of stock in the afore-mentioned corporation in satisfaction of her elective share. Petitioner proposes that such a distribution will satisfy the right of election as well as avoid the considerable time and expense to the estate posed by the objection to the intermediate accounting with regard to the issue of stock valuation. SCPA 2216 reads as follows: "At any time during the administration of an estate or upon an accounting the court may direct the conveyance of any unsold realty or the delivery of any unsold chattel or the assignment of any uncollected demand or any other personal property to a party or parties entitled to payment or distribution, in lieu of the money value of the property at the fair market value at the date of distribution.” The above section of the SCPA was enacted to become effective September 1, 1967 and was derived from section 268 of the former Surrogate’s Court Act. The former statute was absolute in its requirement of a written consent before a distribution in kind could be effectuated. The present statute no longer requires consent as a condition precedent to a distribution in kind. Another statutory provision to be read in conjunction with SCPA 2216 is EPTL 11-1.1 (subd [b], par [20]), which authorizes a fiduciary to distribute in kind any property at its fair market value at the date of distribution. Under this provision, fiduciaries are empowered to distribute in kind. This enables the fiduciary to obtain an order during administration or upon an accounting directing such a distribution. Thus, it is clear that personal representatives are vested with authority to distribute in kind, and resort to SCPA 2216 is necessary only when the personal representative desires the protection afforded by prior approval of the Surrogate to the distribution in kind. Nowhere in either of the controlling statutes is reference made to the need for the beneficiary’s consent prior to making such a distribution. Therefore, while respondent’s consent in the instant case has been withheld, this will not in and of itself preclude the relief requested.
Where a distribution in kind is sought to be effected by the executor of the estate and such distribution is being opposed *734 by testator’s widow as a beneficiary, it is clearly within this court’s discretion to approve or deny the distribution. SCPA 201 empowers this court to exercise full and complete general jurisdiction in law and in equity to administer justice in all matters relating to the affairs of decedents. In this respect, the Surrogate may order distribution of various types of property to be delivered in kind, so as to facilitate the conclusion of the affairs of a decedent’s estate. Practically any kind of property may be delivered in kind and, as the statute itself indicates, this can include real as well as personal property. Thus, various types of securities, including stocks and bonds, may be received in lieu of their money value. (See Matter of Titus, 170 App Div 764, affd 219 NY 589; Matter of Ullman, 56 Misc 2d 495; Matter of Drake, 152 Misc 395.)
Respondent argues that if she is to receive a portion of decedent’s stock as partial satisfaction of her elective share, she will be unjustly subordinated to other shareholders in the closely held family corporation. This result, however, would not preclude such a distribution. In Matter of Ullman (56 Misc 2d 495, supra), a divorced wife, pursuant to her separation agreement and divorce decree, brought this suit to compel executors to transfer to her one fourth of her former husband’s estate. The executors did transfer one fourth of the estate to the former wife, but such distribution was partially composed of stock, amounting to a minority interest in a closed corporation. The former wife objected on grounds that the stock represented a minority interest in a closed corporation controlled by persons who might be unfriendly to her. Nevertheless, the court held: "It is true that in getting a portion of a minority interest in stock of a closed corporation, objectant gets some stock which is not liquid. Unfortunately that is inherent in the nature of decedent’s assets.” (Matter of Ullman, supra, p 501.) The court further stated: "It follows that if objectant is given, as she is, one fourth of all assets, liquid and illiquid, she receives all that she is legally entitled to.” (Matter of Ullman, supra, p 501.)
Another analogous decision was reached by the Court of Appeals in Matter of Shupack (1 NY2d 482). This case dealt with a right of election against a will which created a trust composed of stock in a minority corporation. The court held that: "The widow must accept her share of what her husband owned.” (Matter of Shupack, supra, p 487.)
Accordingly, this court finds that a distribution in kind of *735 shares of stock of the closely held corporation in partial satisfaction of respondent’s elective share is not only permissible in this case, but equitable as well. Such a distribution will facilitate the final administration of decedent’s estate and be the most equitable manner of providing for the necessary division of this estate among all of the interested parties.