OPINION OF THE COURT
C. Raymond Radican, J.
In this proceeding to determine the validity and effect of a notice to elect against the will, the primary issue is whether the article third bequest validly provides a minimum elective share in trust for the surviving spouse or entitles her to her elective share outright because it is prohibitively conditioned upon her being entitled to a share of the estate.
Article third provides in part: “If my wife, Blanche, survives me and at the time of my death is entitled by law to a share of my estate, I give and bequeath to my trustees such part of my estate as my wife would have received had I died intestate, domiciled in the State of New York to be held in trust”. There follow routine trust provisions with the remainder to the decedent’s two children by a prior marriage.
EPTL 5-1.1 (súbd [c], par [1]), governing wills executed after August 31, 1966 and providing for the right of a surviving spouse to elect to take a share of the estate against the provisions of the decedent’s will, authorizes the testator to place the elective share in trust and prohibits a right of election against such a trust except to the extent of $10,000 thereof. The petitioner, however, contends that the *97 right to restrict her to a share in trust is subject to the requirement that the bequest be “unconditional”.
Unquestionably, a minimum elective share in trust must meet all the requirements of the statutes to be immune from attack. Thus, testamentary conditions which authorize the invasion of principal for another person, permit termination of the trust prior to the death of the surviving spouse (for instance, on remarriage), or pay the surviving spouse less than substantially all of the net income will permit the surviving spouse to elect to take her share outright (EPTL 5-1.1, subd [c], par [1], cl [J]).
However, both the legislative and case law trends have been to prohibit attacks against minimum elective share trusts for minor deviations. For instance, historically the surviving spouse has been entitled to all of the net income without any deviation. However, EPTL 5-1.1 (subd [c], par [1], cl [J], subcl [iii]), as modified, grants an absolute right of election only if the surviving spouse receives “less than substantially all of the net income”. The revisors’ comments state that the modification was a “reaction to recent cases in which relatively minor invasions of the surviving spouse’s right to all of the income from the trust were held to give such spouse an absolute right of election, contrary to apparent intent of the testator”. Professor Rohan, in his Practice Commentary to EPTL 5-1.1 expresses a hope that this modification “will serve to alert the courts to the need for a more realistic, and less technical, reaction to a minor deviation from the letter of the ‘right of election’ statutes” (McKinney’s Cons Laws of NY, Book 17B, p 22; see, also, Sixth Report of Temporary State Commission on Law of Estates, NY Legis Doc, 1967, No. 19, p 77 [“(A) trend can be perceived, at least in the Court of Appeals commencing with Shupack (1 NY2d 482), not to permit technical language in a will to give an absolute right of election.”]).
Two cases, Matter of Filor (267 App Div 269, affd 293 NY 699) and Matter of Richmond (276 App Div 271), hold that a will provision giving a surviving spouse an elective share in trust only on condition that he or she prevail in asserting a right of election entitles the surviving spouse to take his or her share outright. While the petitioner concedes that there is no such express condition in this will, she argues, however, that the will’s provision amounts to a *98 “circumvention” of the Filor and Richmond rule by requiring her to be “entitled” to share in the estate which in effect makes her trust contingent on success in possible litigation (for example, that she is disqualified because of abandonment of the decedent [EPTL 5-1.2]).
While the effect of both the provisions in this will and those in the Filor (supra) and Richmond (supra) cases is to disqualify the surviving spouse from any share in the estate should she be unsuccessful, the methods employed are totally different. Requiring a surviving spouse to prevail in asserting a right of election as a condition to taking a share in trust has been termed an anomaly: if the surviving spouse has a right to elect against the will, perforce, he or she would not take under the will, thereby nullifying any attempted trust (see Matter of Collins, 13 NY2d 194, and dissenting opn in Matter of Collins, 17 AD2d 304, 308). Here, concededly there is no condition requiring the petitioner to elect against the will as a condition to receiving the trust bequest but merely a requirement that she be “entitled” to share in the. estate.
The practical consequence of prohibiting such a condition is to place a testator on the horns of a dilemma. If he wishes to restrict his spouse to an elective share in trust, he must avoid any intimation that it is conditional as to her status as a spouse or, in the alternative, make no provision for her, leaving her to an election but foregoing his right to a trust* (see 1 Fingar, Bookstaver and McQuaid, NY Will and Trusts [2d ed], § 7:17:FO). It is submitted that it is unfair to place a testator and his attorney/draftsman in such an unenviable position and it should, in all good conscience, be permissible to restrict a surviving spouse to the income from a trust if eligible or “entitled” to share in the estate or leave her nothing if she is disqualified under EPTL 5-1.2 (see 1 Fingar, Bookstaver and McQuaid, NY Will and Trusts [2d ed], § 7:13, p 794).
Particularly is this so in a second marriage situation. The testator should be able to recognize the legitimate and competing forces that his second wife and his children by a prior marriage exert on his bounty in a reasonable fashion; that is, to limit his spouse to an elective share in trust if *99 she is eligible plus insure that the remainder will not benefit strangers to his blood. The notice of election is accordingly held invalid except that the petitioner is held to have a limited right to take from the principal sum in trust for her the sum of $10,000 outright.
Some brief argument has been addressed to the question of the proper interpretation of the quantum of the bequest in trust, whether an intestate or an elective share. It is abundantly clear from the language of the will that the decedent’s intention was to give to the petitioner an elective share in trust (Matter of Benin, 31 AD2d 747) and the will is so construed.

 A third alternative might be an outright bequest conditioned upon her not being disqualified as a surviving spouse.