In the Matter of the Estate of FLORENCE PRINCE, Deceased. JEAN JOUBERT, as Executrix of FLORENCE PRINCE, Deceased, Appellant; STANLEY PRINCE, Respondent.

Third Department, December 13, 1990

APPEARANCES OF COUNSEL

*Thaler & Thaler (Richard B. Thaler* and *Nathaniel F. Knappen* of counsel), for appellant.

*Adams, Theisen, May & Rossiter (Judith A. Rossiter* of counsel), for respondent.

OPINION OF THE COURT

MAHONEY, P. J.

Florence Prince (hereinafter decedent) died in June 1988 survived by respondent, who was her husband, and four children from a prior marriage. In her will, decedent be-

queathed to respondent a life estate in realty provided that he pay all taxes, insurance and operating expenses of the residence and live in the house. In the event that respondent failed to pay such expenses or live in the house as his primary residence, or if he elected against the estate, the bequest lapsed. Decedent's will further directed that respondent did not have the right to sell, transfer or assign his interest in the realty and that, upon termination of the life estate, decedent's four children were designated as remaindermen. Decedent left her residuary estate to her four children.

Respondent resided in the marital residence but in September 1988, at about the time he left that residence, he exercised his right of election against decedent's will (see, EPTL 5-1.1). Petitioner, decedent's executrix, rejected the notice of election in March 1989 and commenced this proceeding to determine the validity of respondent's election. Surrogate's Court held that respondent could validly exercise his right of election as the life estate created by the will was illusory. It also reserved decision regarding valuation of the estate pending the filing of an interim account. This appeal by petitioner ensued.

Pursuant to EPTL 5-1.1 (c) (1) (J) (ii):

"The surviving spouse is entitled to take the capital value (in no case to exceed such spouse's elective share) of the fund or other property producing the income whenever any instrument making a testamentary provision of income for his life authorizes * * *

"The termination of any trust, legal life estate or annuity prior to the death of the surviving spouse by payment of the principal thereof to another person."

Despite the obtuse language, which we will not interpret overliterally (see, Matter of Arlin, 120 Misc 2d 96, 97, affd on opn below 100 AD2d 878), it is apparent that this provision was enacted to endow "the surviving spouse with an absolute right of election whenever the trust (or other provision) for such spouse authorized or directed * * * the 'termination of any [life estate] * * * prior to the death of the surviving spouse' " (Rohan, Practice Commentary, McKinney's Cons Laws of NY, Book 17B, EPTL 5-1.1, at 22). Accordingly, where conditions or restrictions are imposed upon the bequest of a life estate so that the duration may be shorter than the spouse's life, the disposition may be deemed illusory and a surviving spouse may still be able to elect against the will (see, Matter of Shupack, 1 NY2d 482, 488).

Here, the testamentary directive requires the surviving spouse to reside in the bequeathed premises for the remainder of his life or the life estate ceases with an automatic reversion of the estate to the remaindermen. Under such circumstances, the life estate terminates prior to the surviving spouse's death, rendering it illusory and permitting election against the will *(see, Matter of Byrnes,* 260 NY 465 [life estate to terminate upon surviving spouse's remarriage]; *Matter of Bommer,* 159 Misc 511, 518-520; *see also,* 3B Warren's Heaton, Surrogates' Courts § 303 [11] [i], [j], at 55-158—55-159; [12], at 55-165—55-169 [6th ed]). With these facts prevailing, respondent is entitled to his elective share, provided that the various valuation requirements are satisfied *(see,* EPTL 5-1.1 [c] [1]). As the record does not contain a financial evaluation of the gross estate,* we make no judgment as to the pertinent values.

KANE, CASEY, LEVINE and MERCURE, JJ., concur.

Order affirmed, with costs.

---

* The appraisal contained in the Appendix to petitioner's brief is not part of the record. Accordingly, we do not consider it.